FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 NOV 20  P 1: 54

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESLEY SIMMONS ST. GERMAIN,**<br>**HILLARY ROSE HILLYER, &**<br>**MELISSA BRANIGHAN LUMINAIS** | **CIVIL ACTION** |
| | **CASE NO.** |
| **vs.** | **SEC.** |
| **D. DOUGLAS HOWARD, JR.,** | **DIV.** |
| **D. DOUGLAS HOWARD, JR. & ASSOCIATES,**<br>**HOWARD & REED, ATTORNEYS AT LAW, &**<br>**XYZ INSURANCE CO.** | **JURY TRIAL DEMANDED** |

**07-9040**

**SECT. J MAG 4**

### COMPLAINT

Lesley Simmons St. Germain, Hillary Rose Hillyer, and Melissa Branighan Luminais, with respect, represent:

### Jurisdiction and Venue

1.       This U.S. District Court has jurisdiction in this matter under  28 U.S.C. §1331, because Plaintiffs bring their complaint pursuant to the provisions of 18 U.S.C. §1962, et seq. (the Racketeer Influenced and Corrupt Organizations Act, or "RICO").  This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiffs' state-law legal malpractice and breach of contract claims which arise from the same transactions or occurrences and implicate the same questions of fact and closely-related questions of law.

2.       Venue is proper in the Eastern District of Louisiana under 28 U.S.C. §1391 where all Defendants are subject to personal jurisdiction, where all Defendants are resident or doing business in the State of Louisiana, where the acts complained of occurred in such district, and



Fee $ 350.00
Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

1

where the contracts implicated in this action were executed in Orleans Parish, Louisiana, and specified an Orleans Parish venue.

### Plaintiffs

3.      Lesley Simmons St. Germain is a person of the full age of majority domiciled in Orleans Parish, Louisiana, and is a Plaintiff herein.

4.      Hillary Rose Hillyer is a person of the full age of majority domiciled in Orleans Parish, Louisiana, and is a Plaintiff herein.

5.      Melissa Branighan Luminais is a person of the full age of majority domiciled in Jefferson Parish, Louisiana, and is a Plaintiff herein.

### Defendants

6.      D. Douglas Howard, Jr., Attorney at Law, a person of the full age of majority domiciled in Orleans Parish, Louisiana, having an office at Suite 306, 839 St. Charles Avenue, New Orleans, Louisiana, 70130-3743, is made a Defendant herein.

7.      D. Douglas Howard, Jr., and Associates, a law practice of unknown structure, operating in Orleans Parish, Louisiana, and having offices at Suite 306, 839 St. Charles Avenue, New Orleans, Louisiana, 70130-3743, is made a Defendant herein.

8.      Howard and Reed, Attorneys at Law, formerly known as Howard, Reed & Taylor, Attorneys at Law, a law practice not a partnership but otherwise of unknown structure, operating in Orleans Parish, Louisiana, and having offices at Suite 306, 839 St. Charles Avenue, New Orleans, Louisiana, 70130-3743, and also at 516 N. Columbia Street, Covington, St. Tammany Parish, Louisiana, 70433-2922 is made a Defendant herein.

9.      XYZ Insurance Company, the insurer of one or more of the above-identified Defendants, is made Defendant herein.

### Plaintiffs Standing under 18 U.S.C. §1964(c)

10.     Plaintiffs standing to bring RICO claims will be established by Plaintiffs showing at least one violation of 18 U.S.C. §1962 by Defendants, with such violation or violations directly causing injury to Plaintiffs' business or property.  Plaintiffs hereby allege such violations of §1962 by Defendants, directly causing injury to Plaintiffs business or property, as set forth with the required specificity herein.

**Plaintiffs' Business or Property Injury and Other Damages**

11.     Plaintiffs suffered injury to their business or property and damages, including economic or financial damages, proximately caused by Defendants' unlawful actions and omissions, and including the money taken by Defendants, money paid to subsequent attorneys to perform the work not done or done improperly by Defendants, money expended in the process of resisting Defendants attempts to collect money, interest paid or accruing on money borrowed in order to pay Defendants, the investment value of money taken by Defendants, the money lost in legal fees and costs for litigation that would not have become so costly and contentious but for the action of Defendants, and money that has been or may be lost by Plaintiffs having to accept unfavorable support or property arrangements due to the lingering effects of Defendants' over-aggressive yet under-effective prior representation in the Plaintiffs' divorces.

**Plaintiffs' RICO Claims**

**The RICO "Person"**

12.     Defendant D. Douglas Howard, Jr., is an individual capable of holding a legal or beneficial interest in property as defined by 18 U.S.C. §1961(3).

13.     Defendant D. Douglas Howard, Jr., has acted sometimes as an individual attorney and sometimes as a member of the two Defendant law practices.  Mr. Howard signed contracts with Plaintiffs on behalf of "D. Douglas Howard, Jr., and Associates", and sent letters on the letterhead of "Howard & Reed, Attorneys at Law", and "Howard, Reed & Taylor, Attorneys at Law", but signed pleadings in Court in his name only, and brought suit in his name only against Plaintiff Lesley Simmons St. Germain for alleged unpaid fees.

14.     Defendant D. Douglas Howard, Jr., Attorney at Law, is a person distinct from the enterprise or enterprises known as "D. Douglas Howard, Jr., and Associates" and "Howard & Reed" or "Howard, Reed & Taylor".  The enterprise or enterprises also comprise other persons with various employment or independent contractor relationships, including other attorneys with their own independent bar memberships and ethical responsibilities to the profession and to their clients.

**The Enterprise**

15.      Defendants have violated the provisions 18 U.S.C. §1962(c) by conducting or participating, directly or indirectly, in the conduct of the affairs of an enterprise or enterprises, through a pattern of racketeering activity.

16.      Defendants are variously either a natural person, a legal entity, or an association-in-fact, and together comprise an "enterprise" or "enterprises" as defined in 18 U.S.C. §1961(4).

17.      Defendant enterprise or enterprises have an existence apart from and beyond the racketeering activity complained of in this action, and are an entity or entities distinct from the person D. Douglas Howard, Jr., as an association of licensed and regulated attorneys maintaining at least two office locations, maintaining a staff, and representing presumably numerous clients other than the Plaintiffs in this action.

18.      Various individual attorneys are or have been involved in the Defendant enterprise or enterprises, including Defendant D. Douglas Howard, Jr., who is believed to be the dominant attorney, Danyelle M. Taylor, Attorney at Law, who billed work for Plaintiff Hillary Rose Hillyer and whose name is included on the "Howard, Reed & Taylor" letterhead used by Defendants in 2006, and various associate attorneys including Stacey L. Miller, Attorney at Law, who billed work for all three Plaintiffs.

**Predicate Acts of Mail and Wire Fraud**

19.      Plaintiffs allege below in this Petition, with required specificity, a pattern of racketeering activity occurring over a period of at least seventeen (17) months from November 2005 to April 2007, with this pattern of racketeering activity being the direct cause of injury to business or property and economic, financial, and other loss suffered by Plaintiffs, who are three unrelated former clients of Defendant D. Douglas Howard, Jr.

20.      Plaintiffs further believe, and hereby allege, that such racketeering activity has been going on for many years and continues and will continue. Although Plaintiffs offer sufficient specific allegations herein to support this action, Plaintiffs also intend to show, after discovery, that the acts have been committed on multiple occasions before and after they were committed against Plaintiffs, and are continuing. Plaintiffs have compiled a list, attached as Exhibit P-1, of suits on open account brought by Defendant D. Douglas Howard,

Jr., against his clients, in Orleans Parish state courts. This list serves as an indication that perceived problems with billing and/or quality of representation have been characteristic of Defendants' relationships with other clients.

### The Patterns of Racketeering Activity

21.     Defendants' actions toward first one Plaintiff starting in 2005, then another Plaintiff starting in 2006, and another Plaintiff starting in 2007, as set forth in detail herein, comprise a pattern or patterns of racketeering activity as defined in 18 U.S.C. 1961(5).

### Allegations of Fact Common to Patterns of Mail Fraud

22.     Defendants have used the U.S. Mail in connection with a scheme or set of schemes to defraud Plaintiffs by violating multiple provisions of the Louisiana Rules of Professional Conduct, which is the law governing the conduct of attorneys, as set forth with specificity herein. The Rules of Professional conduct have the force and effect of substantive law, and Defendants actions are violations of such law.

23.     Defendants' continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of injury to Plaintiffs' business or property.

24.     Mailings in the form of fraudulent billing statements in the name of "Howard Reed and Taylor, Attorneys at Law" or "Howard and Reed, Attorneys at Law", were generated by Defendants on the twentieth day of each month and were sent to each Plaintiff on or about the dates set forth below. Additionally, other mailings were sent to Plaintiffs by Defendants, sometimes in furtherance of the pattern of fraud. These other mailings were sent during the same period of time that billing was being sent, with some exceptions.

25.     Plaintiffs allege specific dates of mailing to specific recipients sufficient to clearly identify the complained of fraudulent actions with the specificity required by F.R.Civ. P. Rule 9(b). Plaintiffs' specificity in complaining, combined with Defendants' possession of detailed client files on each Plaintiff, ensure that Defendants have abundant information upon which to base an Answer.

26.     Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Hillary Rose Hillyer on 14 November 2005, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor". Exhibit P-2, contract of 14 November 2005.

5

27.     Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Hillary Rose Hillyer on or about the 20th day of each month from November 2005 to July 2006.

28.     Plaintiffs allege that such billing statements were fraudulent as set forth herein.

29.     Defendant D. Douglas Howard, Jr., abruptly and improperly withdrew from representation of Hillary Rose Hillyer on 5 June 2006. Exhibit P-3, Motion to Withdraw of 5 June 2006.

30.     Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Lesley Simmons St. Germain on 5 June 2006, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor". Exhibit P-4, contract of 5 June 2006.

31.     Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Lesley Simmons St. Germain on or about the 20th day of each month from June 2006 to at least April 2007. Exhibit P-5, billing statement of 20 August 2006.

32.     Plaintiffs allege that such billing statements were fraudulent as set forth herein.

33.     Defendant D. Douglas Howard, Jr., sent, via Certified U.S. Mail, his notification of unilaterally withdrawing from representing Plaintiff Lesley Simmons St. Germain because of his hearing something through the "grapevine", and reminding her of a hearing that was set less than a full month in the future. Exhibit P-6, certified letter of 21 November 2006.

34.     Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Melissa Branighan Luminais on 12 January 2007, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor". Exhibit P-7, contract of 12 January 2007.

35.     Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Melissa Branighan Luminais on or about the 20th day of each month from January 2007 to March 2007, and generated a summary statement on 20 September 2007. Exhibit P-8, billing statement of 20 September 2007.

36.     Plaintiffs allege that such billing statements were fraudulent as set forth herein.

### Pattern 1, Mail Fraud

37.      Defendants have committed multiple predicate acts of mail fraud, by using the U. S. Mail in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by simultaneously using multiple business identities in the practice of law in violation of Louisiana Rules of Professional Conduct Rule 7.5(a), which reads in pertinent part "...A lawyer shall not use a trade or fictitious name unless the name is the law firm name that also appears on the lawyer's letterhead, business cards, office signs and fee contracts and appears with the lawyer's signature on pleadings and other legal documents...". The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are a violation of such law. This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

38.      These acts have been committed by Defendants against Plaintiffs on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

39.      The mailings complained of fraudulently purported to bill for and collect money for "Howard and Reed" or "Howard, Reed and Taylor" under fee contracts identifying only "D. Douglas Howard, Jr., and Associates" and for legal pleadings filed in court with only "D. Douglas Howard, Jr." on the signature block with no business or firm identity at all.

### Pattern 2, Mail Fraud

40.      Defendants have committed multiple predicate acts of mail fraud, by using the U. S. Mail  in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by taking large non-refundable "minimum fees" from clients, performing unauthorized and/or overbilled work in order to quickly consume such fees, by demanding subsequent large advance payments from clients, and by abruptly and improperly withdrawing from representation, using the U.S. Mail to send billing, withdrawing, and other communications, including communications between the enterprise or enterprises and clients, and between the different offices of Defendants' enterprise or enterprises, causing the clients, including the Plaintiffs here, to be defrauded. Defendants' billing for unauthorized work and overbilling are in violation of Louisiana Rules

7

of Professional Conduct Rule 1.5.  Defendants' improper withdrawal from representation is in violation of Louisiana Rules of Professional Conduct Rule 1.16.  The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are violations of such law.  The existence of a contract does not prevent the court from considering whether fees and expenses are reasonable and lawful, or whether withdrawal is proper and lawful.  This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

      41.     These acts have been committed by Defendants against Plaintiffs on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

### Pattern 3, Mail Fraud

      42.     Defendants have committed multiple predicate acts of mail fraud, by using the U. S. mails  in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by billing and collecting unauthorized "overhead" fees from clients, called "office administrative expense", with twenty ($20) dollars per month of such fees being purportedly authorized by a provision of the contracts of adhesion with clients, but with an additional ten ($10) dollars per month being charged in excess of the purportedly authorized overhead fee. The contractual provision specifies the "office administrative expense" fee to cover "regular U.S. Mail postage" and for copies to client of pleadings and correspondence.  Since client was billed attorney time for each instance of simply forwarding correspondence or pleadings, the attorney time and the overhead expense are a double billing of the same work.  These unauthorized and/or overbilled "overhead" fees, billed and collected through the U.S. Mail, caused the clients, including the Plaintiffs here, to be defrauded.  These "overhead" fees are in violation of Louisiana Rules of Professional Conduct Rule 1.5.  The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are violations of such law.  The existence of a contract does not prevent the court from considering whether fees and expenses are reasonable and lawful.  This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

      43.     These acts have been committed by Defendants against Plaintiffs on numerous

occasions during the period November 2005 to April 2007 as set forth with specificity above
as to each Plaintiff.

### Pattern 4, Mail Fraud

44.      Defendants have committed multiple predicate acts of mail fraud, by using
the U. S. mails  in connection with a scheme to defraud Plaintiffs, in a continuing pattern of
racketeering activity described with specificity herein, by billing and collecting legal fees
from clients and then sharing such fees with attorneys not a party to and not identified in the
contracts of employment and fee agreements, not members of the law firm identified on the
face of the contracts, and not otherwise authorized by clients, in violation of Louisiana Rules
of Professional Conduct Rule 1.5(e).   The Rules of Professional Conduct have the force and
effect of substantive law, and Defendants actions are violations of such law.  This continuing
pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs'
business or property.

45.      Fees were billed by and remitted to "Howard, Reed and Taylor, Attorneys at
Law", or "Howard and Reed, Attorneys at Law", in spite of such purported law firms' not being
parties to, or identified in, the contracts of employment and fee agreements.   These unlawful
shared fees, billed and collected through the U.S. Mail, caused the clients, including the
Plaintiffs here, to be defrauded.

46.      These acts have been committed by Defendants against Plaintiffs on numerous
occasions during the period November 2005 to April 2007 as set forth with specificity above
as to each Plaintiff.

### Pattern 5, Wire Fraud

47.      Defendants have committed at least one predicate act of wire fraud, by
using interstate wire communications in connection with a scheme to defraud Plaintiffs, in
a continuing pattern of racketeering activity described with specificity herein, by causing
Plaintiff Melissa Branighan Luminais, on 12 January 2007, to make an interstate wire transfer
of funds in the form of a cash advance on her out-of-state credit card in order for her to
assemble seven thousand, five hundred ($7,500.00) dollars in cash which was demanded by,
and paid to, Defendant D. Douglas Howard, Jr., on that same date 12 January 2007, with that

9

money being quickly depleted by unauthorized work and/or overbilling of legal fees and expenses, unlawful sharing of fees, and unlawful use of multiple identities, as set forth above. Exhibit P-9, 12 January 2007 receipt for $7,500.00 cash.

### Liability of Insurer

48.     Defendant XYZ Insurance Company is liable to Plaintiffs under its contract of insurance with one or more of the Defendants.

### Further Specific Allegations

49.     The contracts with Plaintiffs have the character of "standard form" contracts and "contracts of adhesion". They are essentially boilerplate language stored on the word processing system controlled by Defendants, and no part of the language of the contracts was the result of any bargaining between the parties. The contracts are labeled "Effective Form Date: August 2004". The signature line for the client is only labeled "CLIENT", but the attorney's name is pre-printed on his signature line. Except for the different name and contact information and a slight difference in the descriptions of the scope of legal services, both Plaintiffs' contracts have the same boilerplate wording. Paragraph eleven (11) of the contracts contains the boilerplate language "... Client binds himself or themselves ...". Plaintiffs each complied with instructions to place their initials next to every occurrence of Mr. Howard's initials, giving a false impression that the many initialed provisions received some kind of special attention.

50.     Defendants required Plaintiffs to pay an advance, non-refundable, minimum fee as a condition of undertaking representation.  Plaintiffs Hillary Rose Hillyer and Lesley Simmons St. Germain each paid six thousand, five hundred ($6,500.00) dollars and Plaintiff Melissa Branighan Luminais paid seven thousand, five hundred ($7,500.00) dollars.

51.     Plaintiff Hillary Rose Hillyer was initially told in a telephone conversation that the initial payment would be $3,500.00, but was subsequently told to bring $6,500.00 to the contract signing instead.  Defendant Mr. Howard told her that the reason for the larger fee was that he knew her husband and wanted to pursue the divorce action against the husband in a very aggressive and expensive way.

52.     Defendant Mr. Howard failed to tell Plaintiff Lesley Simmons St. Germain that

he had been a friend of her husband's grandfather and that he, Mr. Howard, was closely involved with the New Orleans Police Department and might later have a conflict, as he in fact did, in pursuing action against the New Orleans Police Officer husband.

53.     Defendant Mr. Howard, after personally collecting the initial payments, had very little further contact with Plaintiffs, leaving the cases to be developed by other attorneys within the enterprise or enterprises, to the surprise and disappointment of Plaintiffs who had understood that they were to get the benefit of specifically Mr. Howard's services in return for the large amounts of money paid.  Mr. Howard's infrequent subsequent telephonic and personal contact with his clients the Plaintiffs was almost always characterized by either his yelling and berating and belittling his clients, or making them feel uncomfortable as a result of unwelcome physical contact and suggestive talk.

54.     Defendants' legal work for the client Plaintiffs was mostly done in contravention of the clients' instructions, and served to run up the clients' legal bills.

55.     In contravention of Plaintiff Hillary Rose Hillyer's stated instruction to not file or otherwise publish information detrimental to her husband, Defendants drafted and filed a divorce petition having several pages of serious allegations of the husband's fault, in spite of the petition's only demanding a no-fault divorce under La. Civil Code Article 102.

56.     In contravention of Plaintiff Lesley Simmons St. Germain's stated reservations about Defendants' running up billable hours by writing nasty letters and making nasty phone calls to the husband's attorney, where those letters and phone calls accomplished nothing that advanced the litigation but only increased the level of ill-will, Defendants persisted in that course of action.

57.     In contravention of Plaintiff Lesley Simmons St. Germain's stated instructions that she wished to obtain her divorce under La. Civil Code Article 103, with a finding of fault based on her husband's adultery, where such adultery was admitted by the husband in deposition and corroborated by the husband's new friend in deposition, and where Plaintiff wanted the finding of fault in order to maintain a legitimate advantage in other aspects of the divorce litigation, Defendants failed to try to obtain an Article 103 divorce judgment and prevailed upon Plaintiff to consent to a no-fault judgment.

58.     Defendants demanded additional, previously undisclosed, large advance

payments from Plaintiffs via U.S. Mail, and threatened by telephone to abruptly terminate representation in the face of upcoming hearings if the advance payments were not made.

59.      Defendants demanded an additional, previously undisclosed, large advance payment in the amount of $5,000.00 from Plaintiff Hillary Rose Hillyer in a letter sent by U.S. Mail in May 2006.

60.      Defendants demanded an additional, previously undisclosed, large advance payment in the amount of $6,500.00 from Plaintiff Lesley Simmons St. Germain in a letter sent by U.S. Mail on 27 July 2006. The letter is attached as Exhibit P-10. The letter indicates that only $332.50 in fees were actually owed, implying that $6,832.50 had been billed in the short time between 5 June and the 20 July end-of-billing-cycle date, exhausting the initial $6,500.00 advance payment. The letter was followed by an unpleasant, shouting, nasty telephone call from Defendant Mr. Howard to Plaintiff in which he threatened abrupt termination of representation and demanded that the money be brought to him immediately because he was going out of the country.

61.      Defendants abruptly withdrew from representation, leaving Plaintiffs facing hearings in fewer than thirty (30) days, notifying Plaintiffs via U.S. Mail, and violating the Rules of Professional Conduct, Rule 1.16, and the Rules of Louisiana District Courts, Rule 9.13, in the manner and circumstances of withdrawal.

62.      Defendants abruptly withdrew from representation of Plaintiff Hillary Rose Hillyer through an ex parte motion violative of the requirements of La. District Court Rule 9.13 which was nevertheless granted by the Court on 5 June 2006. Defendants notified Plaintiff via U.S. Mail. At the time of withdrawal, a 29 June 2006 hearing was already on the docket.

63.      Defendants abruptly withdrew from representation of Plaintiff Lesley Simmons St. Germain. Defendants notified Plaintiff via U.S. Mail, specifically a certified letter dated 21 November 2006. At the time of withdrawal, a 20 December 2006 hearing was already on the docket.

64.      Defendants delayed and otherwise impeded the turning over of client files to Plaintiffs in derogation of Rules of Professional Conduct, Rule 1.16.

65.      Defendants delayed and otherwise impeded the turning over of client files to Plaintiff Hillary Rose Hillyer by telling her, in response to her request for the files, that she must

wait a number of days before coming to pick up the files and then, when she came on the appointed day, telling her that the files were not available. When she renewed her request for the files in September 2007, she was made to talk on the telephone directly with Defendant Mr. Howard, which she found distressing and distasteful, and made to sign a receipt stating that she was receiving the "entire file" in spite of the later-discovered fact that significant documents were not given to her, such missing documents including Defendants' Motion to Withdraw and Defendants' correspondence demanding additional advance payment and advising her of withdrawal. Plaintiff picked up the incomplete file and signed the receipt on 21 September 2007.

66.     Defendants delayed and otherwise impeded the turning over of client files to Plaintiff Lesley Simmons St. Germain by telling her, in response to her telephoned and emailed requests, that she must wait a number of days before coming to pick up the files. Defendants also added improper charges for copying and "organizing" Plaintiff's file.

67.     Defendants brought a Suit on Open Account against Plaintiff Lesley Simmons St. Germain to collect unpaid legal bills. Defendants took a default judgment in that suit after Plaintiff's granted request for a 30-day extension of time to answer was changed after signing to a 15-day extension. This case was Case Number 2007-50374 in New Orleans First City Court.

### Plaintiffs' Claims for Legal Malpractice and Breach of Contract, and Demands for Accounting

68.     This complaint is timely filed under the various federal and state laws cited, where the actions and omissions complained of either occurred or were continuing within the one year prior to the filing of this Action, and where all acts and omissions occurred fewer than three years prior to filing.

### Lesley Simmons St. Germain's Legal Malpractice and Breach of Contract Claims and Demand for Accounting

69.     Defendant D. Douglas Howard, Jr., entered into a Contract of Employment to act as attorney for Plaintiff Lesley Simmons St. Germain, with the written contract being signed on 5 June 2006 at Defendant's office in New Orleans. The Contract of Employment is attached hereto as Exhibit P-4.

13

70.     Defendant D. Douglas Howard, Jr., notified Plaintiff Lesley Simmons St. Germain of his abrupt withdrawal from representation in a certified letter dated 21 November 2006. The letter is attached hereto as Exhibit P-6.

71.     Plaintiff Lesley Simmons St. Germain paid Defendants not less than $12,866.48 during the period 5 June to 31 August 2006.  Such payments are reflected in Defendants' Statements of Activity and Payments.

72.     Defendant D. Douglas Howard, Jr., brought suit against Plaintiff Lesley Simmons St. Germain for payment of additional money, the suit having Case Number 07-50374, filed 28 February 2007 in First City Court of New Orleans, Section C, Judge Spears.  Attorney Stacey L. Miller, representing Defendant D. Douglas Howard, Jr., obtained a default judgment in that suit in spite of the good-faith efforts of  Lesley Simmons St. Germain, Plaintiff here and Defendant there, in applying to that court for an extension of time to secure counsel and frame an answer and defenses in that suit.

73.     The domestic lawsuit for which Defendant D. Douglas Howard, Jr., acted as attorney for Plaintiff Lesley Simmons St. Germain is Case Number 2005-12590, Civil District Court for the Parish of Orleans, Division K, *St. Germain v. St. Germain*.

74.     Plaintiff Lesley Simmons St. Germain demands an accounting from Defendant D. Douglas Howard, Jr.

75.     Plaintiff Lesley Simmons St. Germain's causes of action are not prescribed or perempted.  Furthermore, Plaintiff Lesley Simmons St. Germain's causes of action arguably discovered on 21 November 2006 are subject to the operation of Louisiana RS 9:5605(E), which provides that cases implicating Louisiana Civil Code Article 1953 are exempt from the peremptive provisions of La. RS 9:5605(A).

76.     Plaintiff Lesley Simmons St. Germain has already suffered damages from Defendant's actions and omissions and her claims are not premature under the reasoning of *Jones, Walker, Waechter, Poitevent, Carrere and Denegre, L.L.P. v. Homestead Ins. Co.*, 700 So.2d 233 (La. App. 4 Cir., 1997), regardless of whether the underlying divorce, child custody and related matters including support litigation has been concluded.

77.     Plaintiff Lesley Simmons St. Germain makes demands for causes of action under the Louisiana law of contract, Louisiana Civil Code Article 1906, et seq., more specifically

14

vitiated consent under Article 1948, et seq., and breech of contract under Article 1983, et seq., and under the Louisiana law of tort and legal malpractice, Louisiana Civil Code Article 2315, et seq., and other applicable provisions of the law. When a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract, or an action in tort, and may elect to recover her damages in either of the two actions. *Bunge Corp. v. GATX Corp.*, 557 So.2d 1376, 1385 (La. 1990).

78. Defendant D. Douglas Howard, Jr., caused Plaintiff Lesley Simmons St. Germain to sign a Contract of Employment for legal representation while withholding information known to Defendant that would have caused Plaintiff Lesley Simmons St. Germain to refuse the contract, and therefore the contract is invalid in accord with Louisiana Civil Code Article 1948, et seq., and Article 1953, et seq., and Plaintiff Lesley Simmons St. Germain owes no performance to Defendant and is entitled to damages and attorney fees under Article 1958. Defendant's acts and omissions also constitute legal malpractice for failing to disclose the possibility of divided loyalties arising from conflicts of interest or potential or apparent conflicts, and for letting such divided loyalties and conflicts limit and diminish the effectiveness of his representation of Plaintiff Lesley Simmons St. Germain. Specifically, where the contemplated representation involved divorce, child custody and related matters including support, against an ex-husband who was a member of the New Orleans Police Department, Defendant, being an attorney, withheld and failed to disclose that Defendant was a close friend of the ex-husband's grandfather, Van Normand Bailey, who had recently died, and did not disclose that his ties to the ex-husband's family were such that the ex-husband's mother called Defendant attorney and questioned whether he should and would represent Lesley Simmons St. Germain. Defendant also withheld and failed to disclose that he was closely involved with the New Orleans Police Department and/or the Police Association of New Orleans (PANO) to such a degree that he was later unwilling to even consider or analyze possible evidence of fault involving possible improper conduct by the ex-husband. Defendant's relationships with the ex-husband's family and with the ex-husband's employer are conflicts of interest or apparent or potential conflicts, which Defendant had a duty to disclose under the Louisiana Rules of Professional Conduct and which Plaintiff Lesley Simmons St. Germain had a right to know. Defendant knew the information at the

time. Plaintiff Lesley Simmons St. Germain did not know the information and could not have ascertained it without difficulty, inconvenience, or special skill. Plaintiff Lesley Simmons St. Germain was reasonably induced to rely on the assertions and representations of the attorney Defendant. Plaintiff Lesley Simmons St. Germain would not have consented to the contract had she known the information which Defendant knew and willfully failed to disclose. Defendant later revealed his good friendship with the ex-husband's grandfather in a telephone conversation with Defendant on 10 July 2006, and revealed his unwillingness to consider possible evidence on 14 July 2006 in a conversation with Defendant. After each revelation, Plaintiff Lesley Simmons St. Germain stated her concerns and asked questions, which were dismissed by Defendant with threats to withdraw and leave her facing immediate hearings and legal deadlines without representation. Plaintiff Lesley Simmons St. Germain's consent at the time of making the contract is therefore vitiated under LA Civil Code Article 1948, et seq., as pleaded with specificity herein. After discovering some of the information, Plaintiff Lesley Simmons St. Germain reasonably relied on the assertions of her attorney the Defendant that there was no divided loyalty or conflict of interest. Defendant's manner of yelling at his client the Plaintiff Lesley Simmons St. Germain and threatening to abruptly withdraw representation further exerted duress upon the Plaintiff Lesley Simmons St. Germain to refrain from making further inquiry into these matters.

79.    Defendant D. Douglas Howard, Jr., had an undisclosed possible divided loyalty arising from a conflict of interest or potential or apparent conflict which should have been disclosed to Plaintiff Lesley Simmons St. Germain before the contract of representation was made concerning his close friendship with the opposing party ex-husband's grandfather. Defendant willfully withheld this information from Plaintiff Lesley Simmons St. Germain, who would have declined to enter the contract had she known the information. Defendant disclosed some of this information to Plaintiff Lesley Simmons St. Germain during a telephone conversation on 10 July 2006. The primary purpose of the telephone conversation was to talk about upcoming depositions, but Defendant volunteered that he had to tell Plaintiff Lesley Simmons St. Germain about his friendship with the ex-husband's grandfather, and that he had been going back and forth regarding whether to tell her. After this disclosure on 10 July 2006 of a possible divided loyalty arising from a conflict of interest or potential or apparent conflict,

16

Defendant represented to Plaintiff Lesley Simmons St. Germain, his client, that no divided loyalties or conflict of interest existed, and Plaintiff Lesley Simmons St. Germain relied on such representations by her attorney, the Defendant. Defendant also threatened to abruptly quit representing Plaintiff Lesley Simmons St. Germain if she continued to question him about this matter. Defendant's actions or omissions render the contract invalid in accord with Louisiana Civil Code Article 1948, et seq., and Article 1953, et seq., and Plaintiff Lesley Simmons St. Germain owes no performance to Defendant and is entitled to damages and attorney fees under Article 1958. Defendant's actions or omissions constitute legal malpractice for which Plaintiff Lesley Simmons St. Germain is entitled to damages under Article 2315, et seq., and any other applicable provision of the law.

      80.    Defendant D. Douglas Howard, Jr., had an undisclosed possible divided loyalty arising from a conflict of interest or potential or apparent conflict which should have been disclosed to Plaintiff Lesley Simmons St. Germain before the contract of representation was made concerning his close involvement with New Orleans Police Department and/or the Police Association of New Orleans (PANO) where the divorcing opposing party ex-husband was a member of the New Orleans Police Department and where in fact the ex-husband used police reports to obtain a restraining order against Plaintiff Lesley Simmons St. Germain and to threaten her with loss of child custody and with incarceration, and where Plaintiff Lesley Simmons St. Germain gave Defendant, her attorney, an article left in her possession by the ex-husband which might possibly comprise evidence of possible improper conduct, where the Defendant told Plaintiff Lesley Simmons St. Germain on 14 July 2006 to get the article out of his office "because I'm a member of PANO and I don't want to know about all this c--
-". Defendant willfully withheld this information from Plaintiff Lesley Simmons St. Germain, who would have declined to enter the contract had she known the information. After this incidental disclosure on 14 July 2006 of a possible divided loyalty arising from a conflict of interest or potential or apparent conflict, Defendant represented to Plaintiff Lesley Simmons St. Germain, his client, that no divided loyalties or conflict of interest existed, and Plaintiff Lesley Simmons St. Germain relied on such representations by her attorney, the Defendant. Defendant also threatened to abruptly quit representing Plaintiff Lesley Simmons St. Germain if she continued to question him about this matter. Defendant's actions or omissions render

the contract invalid in accord with Louisiana Civil Code Article 1948, et seq., and Article 1953, et seq., and Plaintiff Lesley Simmons St. Germain owes no performance to Defendant and is entitled to damages and attorney fees under Article 1958.  Defendant's actions or omissions constitute legal malpractice for which Plaintiff Lesley Simmons St. Germain is entitled to damages under Article 2315, et seq., and any other applicable provision of the law.

81.     Defendant D. Douglas Howard, Jr., failed to adequately represent his client Plaintiff Lesley Simmons St. Germain in taking the depositions of the ex-husband and the ex-husband's girlfriend.  In a telephone conversation of 10 July 2006, which either does not appear on Defendant's Statements of Activity and Payments or appears as being billed by Defendant's associate attorney, Defendant told Plaintiff Lesley Simmons St. Germain "I'm not going to sit here and f------ make up these deposition questions -- you're going to make them up".  Plaintiff Lesley Simmons St. Germain did compile an extensive list of questions which she emailed to Defendant's office and which, according to Defendant's Statements of Activity and Payments, were reviewed by Defendant's associate attorney for one billable hour on 11 July 2006.  In the depositions of the ex-husband and the ex-husband's girlfriend on 14 July 2006, Defendant read the questions from a printout of Plaintiff Lesley Simmons St. Germain's emailed list.  Although the questions elicited from both the ex-husband and the ex-husband's girlfriend corroborating admissions of a relationship that Defendant said on the record was sufficient to prove fault, Defendant subsequently failed to follow his client's instructions to pursue a judgment of divorce under Louisiana Civil Code Article 103 based on the admitted fault.  Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

82.     Defendant D. Douglas Howard, Jr., failed to adequately represent his client the Plaintiff Lesley Simmons St. Germain in the taking of the Plaintiff Lesley Simmons St. Germain's deposition by opposing counsel on 14 July 2006, after the depositions of the ex-husband and the ex-husband's girlfriend.  Contrary to Plaintiff Lesley Simmons St. Germain's expectations, Defendant left his client the Plaintiff Lesley Simmons St. Germain before her deposition and returned to his office.  Defendant's associate attorney sat with Plaintiff Lesley Simmons St. Germain during her deposition, but demonstrated a lack of preparation and a lack of

advocacy for Plaintiff Lesley Simmons St. Germain, who was subjected to an unnecessarily nasty and vicious deposition. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

83.     In the domestic litigation for which Defendant D. Douglas Howard, Jr., was the attorney, he disregarded his client Plaintiff Lesley Simmons St. Germain's stated instructions and failed to oppose a no-fault divorce judgment under Louisiana Civil Code Article 102, which was entered on 12 August 2006. Plaintiff Lesley Simmons St. Germain's instructions were to seek a judgment under Louisiana Civil Code Article 103, where the opposing divorcing party had in fact committed adultery and had admitted to the adultery in a deposition taken 14 July 2006, where the opposing divorcing party's new friend provided corroborating evidence of adultery in a deposition also taken 14 July 2006, where the parties had joint custody of their child, and where the opposing divorcing party was and continues trying to deprive Plaintiff Lesley Simmons St. Germain of child custody, and where such a judgement of fault would have shielded her against certain provisional and incidental proceedings, putting her at a disadvantage for not having the opposing divorcing party's admitted adultery recognized in the divorce judgment. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

84.     Defendant D. Douglas Howard, Jr., disregarded his client Plaintiff Lesley Simmons St. Germain's stated instructions to pursue in Court the issue of significant retroactive support payments due to Plaintiff Lesley Simmons St. Germain but uncollected as a result of Defendant's lack of prosecution of the matter. The issue of retroactive support was incorrectly stated in a Draft of a Consent Judgment, and Plaintiff Lesley Simmons St. Germain was unable to move her attorney the Defendant to take steps to correct the error. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

85.     Defendant D. Douglas Howard, Jr., performed unauthorized work by writing letters and making telephone calls that only served to antagonize the opposing party and

impede the resolution of the domestic litigation and did nothing to further the progress of the litigation, and by billing both for himself and for his associate attorney for the performance of the same tasks. A copy of Defendant's 29 August 2006 letter to opposing counsel, demonstrating antagonistic profanity and sarcasm, is appended hereto as Exhibit P-12. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

86.     Defendant D. Douglas Howard, Jr., overbilled Plaintiff Lesley Simmons St. Germain by billing for writing letters and making telephone calls that only served to antagonize the opposing party and impede the resolution of the domestic litigation and did nothing to further the progress of the litigation, by billing for telephone conversations with his client the Plaintiff Lesley Simmons St. Germain and Plaintiff Lesley Simmons St. Germain's father which consisted of nothing but his yelling and bullying and demanding more money in pre-paid fees, and by billing both for himself and for his associate attorney for the performance of the same tasks.

87.     Defendant D. Douglas Howard, Jr., violated his duty of confidentiality under the Louisiana Rules of Professional Conduct, Rule 1.6, by having discussions about Plaintiff Lesley Simmons St. Germain's legal matters with a person or persons he identified as the "grapevine" in his letter of 21 November 2006, already appended hereto as Exhibit P-6. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

88.     Defendant D. Douglas Howard, Jr., acted improperly when he prepared and instructed his client Plaintiff Lesley Simmons St. Germain to sign three affidavits verifying the "foregoing pleadings" where such instruction and signing took place at the same time as the signing of the contract of representation and fees, on 5 June 2006, and before any pleadings had been prepared or had been available for the reading and verification sworn to in the affidavits. Copies of these pre-signed affidavits were attached to a copy of the contract of representation when such documents were delivered after termination of representation. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and

Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

89.    Defendant D. Douglas Howard, Jr. demanded an additional six thousand, five hundred ($6,500.00) dollar advance pre-payment of fees in a letter of 27 July 2006, within ten (10) days. The letter is appended hereto as Exhibit P-10. He then made a telephone call to client Plaintiff Lesley Simmons St. Germain where he curtly demanded that the large advance payment be brought to his office immediately because he was going out of town on vacation and threatening immediate withdrawal from the case if such advance payment was not made. He did not identify any anticipated costs or fees or hourly work that required a large pre-payment. This demand of money and threat of withdrawal was unreasonable and caused Plaintiff Lesley Simmons St. Germain emotional distress. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

90.    Defendant D. Douglas Howard, Jr. exerted duress and undue influence over Plaintiff Lesley Simmons St. Germain by his bullying and yelling in general, and by his threatening to withdraw abruptly and leave her without representation in the face of scheduled court dates. Plaintiff Lesley Simmons St. Germain's questions regarding the propriety of Defendant's unauthorized work in writing antagonizing letters and making inflammatory telephone calls to the opposition were met with the above-stated exertion of duress and undue influence. Plaintiff Lesley Simmons St. Germain's questions regarding the costly duplication of effort between Defendant and his associate attorney were also met with the above-stated exertion of duress and undue influence. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

91.    Defendant D. Douglas Howard, Jr. abruptly and unilaterally withdrew representation based on something he heard through the "grapevine", announced to Defendant in his letter of 21 November 2006, and with an important hearing date set within the month. The letter has been appended hereto as Exhibit P-6. The abrupt withdrawal caused hardship and distress to Plaintiff Lesley Simmons St. Germain. Defendant's announcement of withdrawal did not cite the Contract of Employment or any particular

provision thereof, but presumably exercised the provision of paragraph eight (8) allowing him to withdraw "for any other reason". This provision of the contract is a resolutory condition that depends solely on the will of the obligor which must be fulfilled in good faith under Louisiana Civil Code Article 1770. Defendant's abrupt withdrawal was not in good faith. Defendant's abrupt withdrawal without warning was furthermore a violation of the Louisiana Rules of Professional Conduct, Rule 1.16. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

92.    At the time of Defendant's abrupt and unilateral withdrawal, Plaintiff Lesley Simmons St. Germain had already paid and pre-paid not less than $12,866.48 during the period 5 June to 31 August 2006, was completely current in her account as of her payment of 31 August 2006, and owed $1,806.00 as of 20 September 2006 and another $632.89 as of 20 October 2006, these dates and amounts being taken from Defendant's Statement of Activity and Payments dated 20 December 2006. Plaintiff Lesley Simmons St. Germain client had not, therefore, failed substantially to fulfill an obligation to the lawyer under the Louisiana Rules of Professional Conduct, Rule 1.16(b)(5). Defendant was not given the reasonable warning required by that same Rule 1.16(b)(5). Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Lesley Simmons St. Germain for damages, attorney fees, and all remedies provided by law.

93.    The Contract of Employment of 5 June 2006 is a contract of adhesion and is unenforceable. Although the contract, as printed by Defendant, was partially personalized to include Plaintiff Lesley Simmons St. Germain's name and address, it was substantially a pre-printed standard form. The contract was boilerplate language stored on the word processing system controlled by Defendant, and no part of the language of the contract was the result of any bargaining between the parties. The contract identifies itself as having "Effective Form Date: August 2004". The signature line for the client is only labeled "CLIENT", but the attorney's name is pre-printed on his signature line. The printed date of 1 July 2006 is erroneous for this contract signed on 5 June 2006. Paragraph eleven (11) of the contract contains the boilerplate language "... Client binds himself or themselves ...".

94.    The Contract of Employment of 5 June 2006 contains provisions contrary to the

law or public morals as provided for by Louisiana Civil Code Articles 1966, and 2029-31, and is therefore unenforceable. The contract contains provisions contrary to the Louisiana Rules of Professional Conduct, formerly the Code of Professional Responsibility, which has the effect of substantive law. *Succession of Wallace*, 574 So.2d 348, 350 (La. 1991); *Succession of Cloud*, 530 So.2d 1146 (La. 1988).

### Hillary Rose Hillyer's Legal Malpractice
### and Breach of Contract Claims and Demand for Accounting

95.     Defendant D. Douglas Howard, Jr., entered into a Contract of Employment to act as attorney for Plaintiff Hillary Rose Hillyer, with the written contract being signed on 14 November 2005 at Defendant's office in New Orleans. The Contract of Employment is attached hereto as Exhibit P-2.

96.     Plaintiff Hillary Rose Hillyer demands an accounting from Defendant D. Douglas Howard, Jr.

97.     Defendant D. Douglas Howard, Jr., overbilled Plaintiff Hillary Rose Hillyer and billed for unauthorized work, including the preparation and filing of two overly-aggressive petitions for divorce in contravention of the clearly-stated wishes of Plaintiff.

98.     Defendant D. Douglas Howard, Jr., breached the contract with Plaintiff by conducting the underlying divorce case with complete disregard of Plaintiff's clearly-stated wishes.

99.     Defendant D. Douglas Howard, Jr., committed legal malpractice in his conduct of the underlying divorce proceedings and his manner of abrupt, unlawful withdrawal.

100.    Defendant D. Douglas Howard, Jr., withheld delivery of the case file to Plaintiff Hillary Rose Hillyer, by placing conditions on the delivery and by failing to have the file ready at agreed-upon times, until a portion of the file was made available on 21 September 2007. The receipt for the copy of the file, dated 21 September 2007, is attached as Exhibit P-12.

101.    Defendant D. Douglas Howard, Jr., prepared and filed a divorce action on behalf of Plaintiff Hillary Rose Hillyer in November 2005, which Plaintiff insisted be dismissed because it contained allegations that Plaintiff clearly stated that she did want to make in the pleadings, even though they were true. Another divorce action was filed by Defendant on behalf of Plaintiff in May 2006, which contained substantially the same unwanted allegations.

Plaintiff again insisted that the pleading be retracted, and Defendant abruptly dismissed plaintiff and withdrew from representation, unlawfully, with a hearing scheduled for fourteen days after the withdrawal.  Plaintiff went to court in proper person and dismissed her divorce action the following week.

102.    The conduct of Defendant D. Douglas Howard, Jr., caused financial loss and serious emotional distress to Plaintiff Hillary Rose Hillyer, and added unnecessary additional conflict and cost to her efforts to obtain a divorce.

103.    The Contract of Employment of 14 November 2005 is a contract of adhesion and is unenforceable.

104.    The Contract of Employment of 14 November 2005 contains provisions contrary to the law or public morals as provided for by Louisiana Civil Code Articles 1966, and 2029-31, and is therefore unenforceable.  The contract contains provisions contrary to the Louisiana Rules of Professional Conduct, formerly the Code of Professional Responsibility, which has the effect of substantive law.

### Melissa Branighan Luminais's Legal Malpractice
### and Breach of Contract Claims and Demand for Accounting

105.    Defendant D. Douglas Howard, Jr., entered into a Contract of Employment to act as attorney for Plaintiff Melissa Branighan Luminais, with the written contract being signed on 12 January 2007 at Defendant's office in New Orleans.  The Contract of Employment is attached hereto as Exhibit P-7.

106.    Plaintiff Melissa Branighan Luminais demands an accounting from Defendant D. Douglas Howard, Jr.

107.    Defendant D. Douglas Howard, Jr., overbilled Plaintiff Melissa Branighan Luminais and billed for unauthorized work, including the preparation and filing of a Petition for Protection from Abuse in contravention of the clearly-stated wishes of Plaintiff.

108.    Defendant D. Douglas Howard, Jr., breached the contract with Plaintiff by conducting the underlying divorce case with complete disregard of Plaintiff's clearly-stated wishes.

109.    Defendant D. Douglas Howard, Jr., committed legal malpractice in his conduct of the underlying divorce proceedings.

24

110.    Defendant D. Douglas Howard, Jr., acted improperly when he prepared and instructed his client Plaintiff Melissa Branighan Luminais to sign several affidavits verifying the "foregoing pleadings" where such instruction and signing took place at the same time as the signing of the contract of representation and fees, and before any pleadings had been prepared or had been available for the reading and verification sworn to in the affidavits. Defendant's actions and omissions constitute a breach of contract and legal malpractice, and Defendant is liable to Plaintiff Melissa Branighan Luminais for damages, attorney fees, and all remedies provided by law.

111.    Defendant D. Douglas Howard, Jr., prepared and filed a divorce action on behalf of Plaintiff Melissa Branighan Luminais in January 2007. One week later, after Plaintiff related to Defendant the facts of a confrontation with the divorcing husband, Defendant insisted that a Petition for Protection from Abuse be prepared and filed against the divorcing husband, over Plaintiff's clearly-stated wishes to avoid such an aggressive action. Defendant yelled at and berated Plaintiff, who acquiesced in the filing of the Petition for Protection from Abuse. Approximately one week later, seventeen days after filing for divorce, Plaintiff decided to dismiss the divorce action because it had so many characteristics that she had clearly stated she did not want.

112.    The conduct of Defendant D. Douglas Howard, Jr., caused financial loss and serious emotional distress to Plaintiff Melissa Branighan Luminais, and added unnecessary additional conflict and cost to her efforts to obtain a divorce.

113.    The Contract of Employment of 12 January 2007 is a contract of adhesion and is unenforceable.

114.    The Contract of Employment of 12 January 2007 contains provisions contrary to the law or public morals as provided for by Louisiana Civil Code Articles 1966, and 2029-31, and is therefore unenforceable. The contract contains provisions contrary to the Louisiana Rules of Professional Conduct, formerly the Code of Professional Responsibility, which has the effect of substantive law.

### Demand for Jury Trial

115.    Plaintiffs demand a trial by jury on all claims so triable.

WHEREFORE Plaintiffs Lesley Simmons St. Germain, Hillary Rose Hillyer, and Melissa Branighan Luminais  pray that after due proceedings had, the Court render judgment against Defendants D. Douglas Howard, Jr., D. Douglas Howard, Jr., and Associates, Howard and Reed, Attorneys at Law, and XYZ Insurance Company, for damages and treble damages for violation of the cited civil RICO statutes, for the return of all fees paid in total, damages from breach of contract and legal malpractice, damages from intentional infliction of emotional distress, plus legal interest and reasonable attorney fees provided for by law and by the Contract of Employment, and damages reasonable in the premises, treble damages, attorney fees, and any other equitable or legal remedies authorized by law.

Respectfully submitted,

Mark Edw. Andrews
Louisiana Bar No. 26172
Andrews Arts & Sciences Law, LLC
7104 Coliseum St.
New Orleans, LA  70118
504-865-8191
mea@mealaw.com


Please serve:
D. Douglas Howard, Jr.
Personally and as agent for
D. Douglas Howard, Jr., and Associates, and
Howard and Reed, Attorneys at Law
Suite 306,
839 St. Charles Avenue
New Orleans, LA  70130-3743

XYZ Insurance Company