**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LESLEY SIMMONS ST. GERMAIN, HILLARY ROSE HILLYER, & MELISSA BRANIGHAN LUMINAIS** | **CIVIL ACTION** |
| | **CASE NO. 07-9040** |
| vs. | **SEC. J, JUDGE CARL J. BARBIER** |
| **D. DOUGLAS HOWARD, JR., D. DOUGLAS HOWARD, JR. & ASSOCIATES, HOWARD & REED, ATTORNEYS AT LAW, & XYZ INSURANCE CO.** | **DIV. 4, MAG. JUDGE KAREN WELLS ROBY** |
| | **JURY TRIAL DEMANDED** |

**RICO CASE STATEMENT**

Plaintiffs Lesley Simmons St. Germain, Hillary Rose Hillyer, and Melissa Branighan Luminais submit this RICO Case Statement in accord with this Court's RICO Standing Order issued 29 November 2007. Citations to the Complaint refer to the Complaint filed in this case on 20 November 2007. Exhibits P-1 through P-12 were appended to the Complaint. Exhibits from P-13 are appended hereto.

**1.** The unlawful conduct alleged is in violation of 18 U.S.C. §1962(c), as stated in ¶15 of the Complaint. Plaintiffs also anticipate that a violation of 18 U.S.C. §1962(d) may be uncovered after discovery, since the exact structure of defendant enterprise(s) is not presently known and the relationships of various persons to the enterprise(s) may prove either to be ones of employment or of conspirators.

1

**2.** The Defendants are:

a. D. Douglas Howard, Jr., (Complaint ¶6) a natural person and an attorney licensed in Louisiana, who signed unconscionable contracts to perform legal work for Plaintiffs and then fraudulently billed them and collected from them, directly causing injury to Plaintiffs' business or property (Complaint ¶10) as set forth with specificity in the Complaint.

b. D. Douglas Howard, Jr., and Associates, (Complaint ¶7) a law practice of unknown structure, being the law practice or firm identified on the face of the unconscionable contracts under which Plaintiffs were fraudulently billed and collected from, directly causing injury to Plaintiffs' business or property (Complaint ¶10) as set forth with specificity in the Complaint.

c. Howard and Reed, Attorneys at Law, formerly known as Howard, Reed and Taylor, Attorneys at Law, (Complaint ¶8) a law practice not a partnership but otherwise of unknown structure, being the law practice or firm <u>not</u> identified in the unconscionable contracts under which Plaintiffs were fraudulently billed and collected from, but being the law practice or firm who sent billings to Plaintiffs and collected legal fees from Plaintiffs, with a portion of those fees apparently being distributed to the firm and/or members of the firm not authorized in the contracts nor any other writings, directly causing injury to Plaintiffs' business or property (Complaint ¶10) as set forth with specificity in the Complaint.

d. XYX Insurance Company, (Complaint ¶9) the insurer of one or more of the Defendants, being liable to Plaintiffs under a contract of insurance not yet discovered (Complaint ¶48).

**3.** After discovery, wrongdoing may or may not be attributable to one or more attorneys other than D. Douglas Howard, Jr., and those attorneys may or may not be found to be some sort of members or employees of the defendant law practice(s). Attorneys known to be involved with the defendant law practice(s), and who appear to have received a distribution of money taken from Plaintiffs are Shawn C. Reed, Danyelle M. Taylor, and Stacey L. Miller (Complaint 18).

**4.** Although Plaintiffs anticipate that many other victims of the Defendants will be identified after discovery (Complaint ¶20 and Exhibit P-1), the alleged victims in the Complaint as filed are the three Plaintiffs, as follows:

    a. Lesley Simmons St. Germain (Complaint ¶3).

    b. Hillary Rose Hillyer (Complaint ¶4).

    c. Melissa Branighan Luminais (Complaint ¶5).

Each Plaintiff was a client of Defendants D. Douglas Howard, Jr., and D. Douglas Howard and Associates; each Plaintiff was billed by and paid fees to Defendant Howard and Reed, Attorneys at Law, and each Plaintiff was injured in her business or property (Complaint ¶11) by Defendants' violations of 18 U.S.C. §1962 (Complaint ¶10). Additionally, each Plaintiff suffered economic and other damages due to Defendants' legal malpractice and breach of contract as set forth with specificity in the Complaint.

**5.** Plaintiffs in their complaint have described in detail the patterns of racketeering activity alleged for each RICO claim. The description is restated here:

**The Patterns of Racketeering Activity**

a. (Complaint ¶21.)   Defendants' actions toward first one Plaintiff starting in 2005, then another Plaintiff starting in 2006, and another Plaintiff starting in 2007, as set forth in detail herein, comprise a pattern or patterns of racketeering activity as defined in 18 U.S.C. 1961(5).

**Allegations of Fact Common to Patterns of Mail Fraud**

a. (Complaint ¶22.)   Defendants have used the U.S. Mail in connection with a scheme or set of schemes to defraud Plaintiffs by violating multiple provisions of the Louisiana Rules of Professional Conduct, which is the law governing the conduct of attorneys, as set forth with specificity herein. The Rules of Professional conduct have the force and effect of substantive law, and Defendants actions are violations of such law.

b. (Complaint ¶23.)   Defendants' continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of injury to Plaintiffs' business or property.

c. (Complaint ¶24.)   Mailings in the form of fraudulent billing statements in the name of "Howard Reed and Taylor, Attorneys at Law" or "Howard and Reed, Attorneys at Law", were

3

generated by Defendants on the twentieth day of each month and were sent to each Plaintiff on or about the dates set forth below. Additionally, other mailings were sent to Plaintiffs by Defendants, sometimes in furtherance of the pattern of fraud. These other mailings were sent during the same period of time that billing was being sent, with some exceptions.

  d. (Complaint ¶25.) Plaintiffs allege specific dates of mailing to specific recipients sufficient to clearly identify the complained of fraudulent actions with the specificity required by F.R.Civ.P. Rule 9(b). Plaintiffs' specificity in complaining, combined with Defendants' possession of detailed client files on each Plaintiff, ensure that Defendants have abundant information upon which to base an Answer.

  e. (Complaint ¶26.) Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Hillary Rose Hillyer on 14 November 2005, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor". Exhibit P-2, contract of 14 November 2005.

  f. (Complaint ¶27.) Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Hillary Rose Hillyer on or about the 20th day of each month from November 2005 to July 2006.

  g. (Complaint ¶28.) Plaintiffs allege that such billing statements were fraudulent as set forth herein.

  h. (Complaint ¶29.) Defendant D. Douglas Howard, Jr., abruptly and improperly withdrew from representation of Hillary Rose Hillyer on 5 June 2006. Exhibit P-3, Motion to Withdraw of 5 June 2006.

  i. (Complaint ¶30.) Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Lesley Simmons St. Germain on 5 June 2006, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor". Exhibit P-4, contract of 5 June 2006.

  j. (Complaint ¶31.) Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Lesley Simmons St. Germain on or about the 20th day of each month from June 2006 to at least April 2007. Exhibit P-5, billing statement of 20 August 2006.

  k. (Complaint ¶32.) Plaintiffs allege that such billing statements were fraudulent as

set forth herein.

l. (Complaint ¶33.)   Defendant D. Douglas Howard, Jr., sent, via Certified U.S. Mail, his notification of unilaterally withdrawing from representing Plaintiff Lesley Simmons St. Germain because of his hearing something through the "grapevine", and reminding her of a hearing that was set less than a full month in the future.  Exhibit P-6, certified letter of 21 November 2006.

m. (Complaint ¶34.)   Defendant D. Douglas Howard, Jr., executed a contractual agreement with Plaintiff Melissa Branighan Luminais on 12 January 2007, with the contract identifying "D. DOUGLAS HOWARD, JR., and ASSOCIATES", and making no mention of "Howard and Reed" or "Howard, Reed, and Taylor".  Exhibit P-7, contract of 12 January 2007.

n. (Complaint ¶35.)   Defendant Howard and Reed, Attorneys at Law, or Howard, Reed and Taylor, Attorneys at Law, sent, via U.S. Mail, billing statements to Plaintiff Melissa Branighan Luminais on or about the 20th day of each month from January 2007 to March 2007, and generated a summary statement on 20 September 2007.  Exhibit P-8, billing statement of 20 September 2007.

o. (Complaint ¶36.)   Plaintiffs allege that such billing statements were fraudulent as set forth herein.

### Pattern 1, Mail Fraud

p. (Complaint ¶37.)   Defendants have committed multiple predicate acts of mail fraud, by using the U. S. Mail in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by simultaneously using multiple business identities in the practice of law in violation of Louisiana Rules of Professional Conduct Rule 7.5(a), which reads in pertinent part "...A lawyer shall not use a trade or fictitious name unless the name is the law firm name that also appears on the lawyer's letterhead, business cards, office signs and fee contracts and appears with the lawyer's signature on pleadings and other legal documents...".  The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are a violation of such law.  This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

q. (Complaint ¶38.)   These acts have been committed by Defendants against Plaintiffs

on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

    r. (Complaint ¶39.)  The mailings complained of fraudulently purported to bill for and collect money for "Howard and Reed" or "Howard, Reed and Taylor" under fee contracts identifying only "D. Douglas Howard, Jr., and Associates" and for legal pleadings filed in court with only "D. Douglas Howard, Jr." on the signature block with no business or firm identity at all.

### Pattern 2, Mail Fraud

    s. (Complaint ¶40.)  Defendants have committed multiple predicate acts of mail fraud, by using the U. S. Mail in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by taking large non-refundable "minimum fees" from clients, performing unauthorized and/or overbilled work in order to quickly consume such fees, by demanding subsequent large advance payments from clients, and by abruptly and improperly withdrawing from representation, using the U.S. Mail to send billing, withdrawing, and other communications, including communications between the enterprise or enterprises and clients, and between the different offices of Defendants' enterprise or enterprises, causing the clients, including the Plaintiffs here, to be defrauded. Defendants' billing for unauthorized work and overbilling are in violation of Louisiana Rules of Professional Conduct Rule 1.5.  Defendants' improper withdrawal from representation is in violation of Louisiana Rules of Professional Conduct Rule 1.16.  The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are violations of such law.  The existence of a contract does not prevent the court from considering whether fees and expenses are reasonable and lawful, or whether withdrawal is proper and lawful.  This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

    t. (Complaint ¶41.)  These acts have been committed by Defendants against Plaintiffs on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

### Pattern 3, Mail Fraud

    u. (Complaint ¶42.)  Defendants have committed multiple predicate acts of mail

fraud, by using the U. S. mails in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by billing and collecting unauthorized "overhead" fees from clients, called "office administrative expense", with twenty ($20) dollars per month of such fees being purportedly authorized by a provision of the contracts of adhesion with clients, but with an additional ten ($10) dollars per month being charged in excess of the purportedly authorized overhead fee. The contractual provision specifies the "office administrative expense" fee to cover "regular U.S. Mail postage" and for copies to client of pleadings and correspondence. Since client was billed attorney time for each instance of simply forwarding correspondence or pleadings, the attorney time and the overhead expense are a double billing of the same work. These unauthorized and/or overbilled "overhead" fees, billed and collected through the U.S. Mail, caused the clients, including the Plaintiffs here, to be defrauded. These "overhead" fees are in violation of Louisiana Rules of Professional Conduct Rule 1.5. The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are violations of such law. The existence of a contract does not prevent the court from considering whether fees and expenses are reasonable and lawful. This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a direct cause of loss to Plaintiffs' business or property.

  v. (Complaint ¶43.) These acts have been committed by Defendants against Plaintiffs on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

**Pattern 4, Mail Fraud**

  w. (Complaint ¶44.) Defendants have committed multiple predicate acts of mail fraud, by using the U. S. mails in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by billing and collecting legal fees from clients and then sharing such fees with attorneys not a party to and not identified in the contracts of employment and fee agreements, not members of the law firm identified on the face of the contracts, and not otherwise authorized by clients, in violation of Louisiana Rules of Professional Conduct Rule 1.5(e). The Rules of Professional Conduct have the force and effect of substantive law, and Defendants actions are violations of such law. This continuing pattern of violation of law, perpetrated using the U.S. Mail, is a

direct cause of loss to Plaintiffs' business or property.

    x. (Complaint ¶45.)   Fees were billed by and remitted to "Howard, Reed and Taylor, Attorneys at Law", or "Howard and Reed, Attorneys at Law", in spite of such purported law firms' not being parties to, or identified in, the contracts of employment and fee agreements. These unlawful shared fees, billed and collected through the U.S. Mail, caused the clients, including the Plaintiffs here, to be defrauded.

    y. (Complaint ¶46.)   These acts have been committed by Defendants against Plaintiffs on numerous occasions during the period November 2005 to April 2007 as set forth with specificity above as to each Plaintiff.

### Pattern 5, Wire Fraud

    z. (Complaint ¶47.)   Defendants have committed at least one predicate act of wire fraud, by using interstate wire communications in connection with a scheme to defraud Plaintiffs, in a continuing pattern of racketeering activity described with specificity herein, by causing Plaintiff Melissa Branighan Luminais, on 12 January 2007, to make an interstate wire transfer of funds in the form of a cash advance on her out-of-state credit card in order for her to assemble seven thousand, five hundred ($7,500.00) dollars in cash which was demanded by, and paid to, Defendant D. Douglas Howard, Jr., on that same date 12 January 2007, with that money being quickly depleted by unauthorized work and/or overbilling of legal fees and expenses, unlawful sharing of fees, and unlawful use of multiple identities, as set forth above. Exhibit P-9, 12 January 2007 receipt for $7,500.00 cash.

    **6.**   Plaintiffs identify the "RICO person" and one or two "enterprises" in paragraphs 12-18 of the Complaint. Plaintiffs have not been able to ascertain that either enterprise is, or ever has been registered with the Louisiana Secretary of State. In the absence of such registration, Plaintiffs are unable to determine certain aspects of the structure and constitution of the enterprises. The Louisiana State Bar Association requires that attorneys identify their affiliation with any law firm, and in a check of the LSBA online member database on 4 October 2007, Attorney D. Douglas Howard, Jr., identifies "Howard & Reed" as his law firm, and Attorneys Stacey L. Miller and Danyelle M. Taylor both identify "Howard, Reed & Taylor" as their law firm. (Exhibits P-13, P-14, and P-15.)

      a.   The exact membership or constitution of the two enterprises is not known because neither entity can be found the records of the Louisiana Secretary of State. It seems evident that Attorney D. Douglas Howard, Jr., is some sort of owner or member of both enterprises.

      b.   The exact structure, purpose, roles, and function of the enterprise or enterprises is not known because neither entity can be found in the records of the Louisiana Secretary of State. The Defendant enterprise D. Douglas Howard, Jr., and Associates seems to have no existence other than its name appearing consistently and exclusively on the contracts for legal representation. The Defendant enterprise Howard and Reed, Attorneys at Law identifies itself as "not a partnership" on its letterhead. The enterprise is a law practice or law firm, and presumably functions as such.

      c.   It is unknown whether Defendant D. Douglas Howard, Jr., is an employee, officer, or director of the enterprise or enterprises. Plaintiffs presume that he has an ownership interest and a high level of control of the enterprises.

      d.   Defendant D. Douglas Howard, Jr., is associated with both enterprises, but the exact nature of his association is not known at present.

      e.   Plaintiffs identify one defendant who is an individual separate from either of the alleged enterprises, and they identify two defendants that are enterprises themselves. Defendant D. Douglas Howard, Jr., is a perpetrator of the racketeering activity. Since it is unclear that Defendant D. Douglas Howard, Jr., and Associates has any existence apart from that name appearing on contracts, it is difficult to characterize that defendant. Defendant Howard and Reed, Attorneys at Law billed and collected fraudulent legal fees and is therefore a perpetrator. Attorneys and other individuals attached to the Howard and Reed, Attorneys at Law legal practice or firm may prove to be either passive instruments or even victims of the racketeering activity.

**7.**    Plaintiffs allege that the pattern of racketeering activity and the enterprise or enterprises are separate because the enterprise Defendant law practices or firms presumably

perform legal work that is not violative of the Rules of Professional Conduct and is deemed satisfactory by some percentage of the clients. (Complaint ¶¶15-18.) Plaintiffs have described the patterns of racketeering activity in detail, but are not able to describe here the details of legitimate activity of the enterprise or enterprises.

8. The enterprise Howard and Reed, Attorneys at Law sends bills to persons with whom they have no contractual or other written authority for such billing. The bills are for legal services performed under a contract signed by Attorney D. Douglas Howard, Jr., with the contract identifying a supposed law firm named "D. Douglas Howard, Jr., and Associates". The time-based billing is often improper for being an overbilling, and the billing being made by Howard and Reed, Attorneys at Law is additionally improper. Howard and Reed also bills excessive monthly overhead fees, which is yet an additional impropriety. The billings are sent out of the Covington, LA offices of Howard and Reed. Plaintiffs received bills from Howard and Reed and paid money to that enterprise. Presumably, the money paid was shared with attorney members of that firm in violation of the Rules of Professional Conduct. The fraudulent billing complained of by Plaintiffs appears to be a part of the routine billing made by Howard and Reed, which would be a daily or monthly activity of the enterprise. Presumably, some portion of the enterprise's billings are not improper.

9. The alleged enterprise receives an economic benefit from the alleged pattern of racketeering activity because the Defendant Howard and Reed, Attorneys at Law, bills and collects money from Plaintiffs and other clients, unlawfully because the Howard and Reed, Attorneys at Law firm or practice is not authorized by contract or other writing to collect such money, and some portion of the money is presumably retained by the law firm or practice to pay expenses, and another portion of the money is presumably shared among the member attorneys, again without written authorization for such fee sharing.

10. The effect of the activities of the enterprise(s) on interstate or foreign commerce is not fully known by Plaintiffs, however it is known that Defendant D. Douglas

Howard, Jr., conducted business with Plaintiffs over the telephone on occasions when he was out of state and other occasions when Plaintiffs were out of state. The money that Plaintiffs paid to Defendants was on occasion drawn from out-of-state financial institutions. The Defendant Howard and Reed, Attorneys at Law, is believed to represent out-of-state clients and overseas clients.

11. No violation of 18 U.S.C. §1962(a) is alleged.

12. No violation of 18 U.S.C. §1962(b) is alleged.

13. Violations of 18 U.S.C. §1962(c) are alleged:

    a. The employment or contractor or owner relationships of the various attorneys involved with the Defendant Howard and Reed, Attorneys at Law legal practice are not presently known. Regarding the legal practice D. Douglas Howard, Jr., and Associates, there is no available evidence of the existence of such a legal practice apart from the name being used on the contracts for legal services. It is evident that Attorney D. Douglas Howard, Jr., has some sort of attachment to both legal practices. Attorney Shawn C. Reed seems to have some kind of membership or ownership interest in the Howard and Reed, Attorneys at Law legal practice, although Ms. Reed had no interaction with the Plaintiffs here. Attorney Danyelle M. Taylor seems to have had some kind of membership or ownership interest in the legal practice formerly known as Howard, Reed and Taylor, Attorneys at Law, and Ms. Taylor did have some interaction with and billed work for Plaintiff Hillary Rose Hillyer. Attorney Stacey L. Miller interacted with and billed work for all three Plaintiffs. Ms. Miller appears to have some sort of associate attorney relationship with the Howard and Reed, Attorneys at Law legal practice. (Complaint ¶¶15-18.)

    b. Plaintiffs consider Attorney D. Douglas Howard, Jr., to be the "RICO person". Mr. Howard is an entity separate from the enterprise or enterprises. (Complaint ¶¶12-14.)

**14.**     No violation of 18 U.S.C. §1962(d) is presently alleged, although Plaintiffs anticipate that discovery of the exact business structures and relationships of the various law practices and attorneys could possibly lead to a future allegation of conspiracy.

**15.**     The alleged injury to business or property (Complaint ¶11) includes the money taken by Defendants, money paid to subsequent attorneys to perform the work not done or done improperly by Defendants, money expended in the process of resisting Defendants attempts to collect money, interest paid or accruing on money borrowed in order to pay Defendants, the investment value of money taken by Defendants, the money lost in legal fees and costs for litigation that would not have become so costly and contentious but for the action of Defendants, and money that has been or may be lost by Plaintiffs having to accept unfavorable support or property arrangements due to the lingering effects of Defendants' over-aggressive yet under-effective prior representation in the Plaintiffs' divorces.

**16.**     The alleged injury to Plaintiffs' business or property is directly related to violation of the RICO statute because the Defendants fraudulently and directly took Plaintiffs' money and also caused consequential damages as described in paragraph 11 of the Complaint, which alleges proximate cause.

**17.**     Plaintiffs claim damages sustained by reason of violation of §1962, including economic or financial damages, proximately caused by Defendants' unlawful actions and omissions, and including the money taken by Defendants, money paid to subsequent attorneys to perform the work not done or done improperly by Defendants, money expended in the process of resisting Defendants attempts to collect money, interest paid or accruing on money borrowed in order to pay Defendants, the investment value of money taken by Defendants, the money lost in legal fees and costs for litigation that would not have become so costly and contentious but for the action of Defendants, and money that has been or may be lost by Plaintiffs having to accept unfavorable support or property arrangements due to the lingering effects of Defendants' over-aggressive yet under-effective prior representation

in the Plaintiffs' divorces. (Complaint ¶11.) The money taken directly from Plaintiffs by Defendants is as follows:

    a. From Lesley Simmons St. Germain, $17,254.38, being $12,866.48 in legal fees paid plus $4387.90 in fees, attorney fees, and judicial interest paid on the default judgment in First City Court.

    b. From Hillary Rose Hillyer, $6,500.00 in legal fees paid.

    c. From Melissa Branighan Luminais, $7653.00 in legal fees paid.

The proportions of liability among the Defendants is not known because the distribution of the ill-gotten fees is not known.

    **18.** No other federal causes of action are claimed.

    **19.** Pendant state claims are made by each plaintiff as follows:

    a. Plaintiff Lesley Simmons St. Germain, in paragraphs 69 through 94 of the Complaint, demands an accounting and makes claims for legal malpractice, breach of contract, overbilling, and fraud in the formation of the contract.

    b. Plaintiff Hillary Rose Hillyer, in paragraphs 95 through 104 of the Complaint, demands an accounting and makes claims for legal malpractice, breach of contract, and overbilling.

    c. Plaintiff Melissa Branighan Luminais, in paragraphs 105 through 114 of the Complaint, demands an accounting and makes claims for legal malpractice, breach of contract, and overbilling.

    **20.** As additional information, Plaintiffs identify in paragraph 20 of the Complaint and in Exhibit P-1 a list of other persons sued by Defendant D. Douglas Howard, Jr., for collection of legal bills. Most of the case files of those suits contain copies of Defendant's standard-form contract, and a number of the casefiles contain statements of the former clients' displeasure with the quality of legal representation rendered.

Respectfully submitted,

*/s/ Mark Andrews*
_____
Mark Edw. Andrews
Louisiana Bar No. 26172
Attorney for Plaintiffs
Andrews Arts & Sciences Law, LLC
7104 Coliseum St.
New Orleans, LA  70118
504-865-8191
mea@mealaw.com