# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-30364

LESLEY SIMMONS ST. GERMAIN; HILLARY ROSE HILLYER; MELISSA BRANIGHAN LUMINAIS

  Plaintiffs-Appellants

v.

D DOUGLAS HOWARD, JR.; D DOUGLAS HOWARD, JR & ASSOCIATES; HOWARD & REED, ATTORNEY AT LAW

  Defendants-Appellees

Appeal from the United States District Court
Eastern District of Louisiana

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

PER CURIAM:

Plaintiff-Appellants Leslie St. Germain et al. ("Appellants") appeal the district court's dismissal of their civil Racketeer Influenced and Corrupt Organizations ("RICO") suit against Defendants-Appellees D. Douglas Howard and the two law firms with which he is affiliated ("Appellees"). Appellants alleged violations of RICO and various state law claims arising out of Appellees' prior legal representation of Appellants. The district court dismissed Appellants' RICO claims with prejudice under FED. R. CIV. P. 12(b)(6), and dismissed the pendent state law claims without prejudice pursuant to its jurisdiction under 28

U.S.C. § 1367. The district court also denied Appellants leave to amend their complaint under Fed. R. Civ. P. 15(a) and taxed costs to Appellants.

We review *de novo* the dismissal of a complaint under FED. R. CIV. P. 12(b)(6), *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371 (5th Cir. 2008), and review for abuse of discretion the district court's refusal to allow a party to amend its pleadings, taxing of costs to a party, and dismissal of pendent state law claims. *See Robertson v. Plano City*, 70 F.3d 21, 22 (5th Cir. 1995); 28 U.S.C. § 1367(c); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990).

The district court did not err in dismissing Appellants' RICO claims under Rule 12(b)(6). Claims under RICO, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.* The predicate acts can be either state or federal crimes. In their complaint, Appellants alleged that the predicate acts committed by Appellees were mail and wire fraud. However, the district court found, and Appellants acknowledged, that the "patterns of racketeering activity" they allege are at worst violations of the rules of professional responsibility.[1] Because Appellants have not alleged the requisite

---

[1] The allegedly fraudulent acts that are at the heart of Appellants' RICO case involve the following: (1) violation by Appellees of multiple provisions of the Louisiana Rules of Professional Conduct; (2) Appellees using "multiple business identities" in the course of their legal representation of Appellants, as evidenced by billing statements sent from "Howard and Reed" and "Howard, Reed and Taylor, Attorneys at Law" (despite the existence of a contractual arrangement solely between "D. Douglas Howard and Associates" and Appellants); (3) Appellees charging Appellants non-refundable minimum fees in advance, and performing unauthorized and/or overbilled work; (4) Appellees engaging in unauthorized sharing of fees with parties not identified in the contract between Appellees and Appellants.

predicate *criminal* acts under RICO, they have not met the pleading standard of Rule 12(b)(6).[2]

In holding that Appellants were required to demonstrate detrimental reliance when alleging injuries that resulted from fraud under RICO, however, the district court relied on Fifth Circuit precedent that is no longer good law. *See Summit Props. Inc. v. Hoechst Celanese Corp.*, 214 F.3d 556, 562 (5th Cir. 2008). The Supreme Court recently held that no reliance requirement exists for civil causes of action under RICO for victims of mail fraud. *Bridge v. Phoenix Bond & Indem. Co.*, 128 S.Ct. 2131, 2139-40 (2008). Thus, to the extent that our prior cases are in conflict with *Bridge*, they are overruled.

Notwithstanding the fact that reliance is no longer required to be pled, Appellants have still not sufficiently pled the predicate acts of mail and wire fraud, and are unable to show that they were injured by a violation of RICO. The district court's dismissal of the RICO claims under Rule 12(b)(6) was therefore ultimately proper. For this reason, the district court also did not err in dismissing Appellants' state law claims. The district court has discretion to dismiss pendent state law claims, and may decline to exercise supplemental jurisdiction over such claims where it has dismissed claims over which it had original jurisdiction. 28 U.S.C. § 1367(c).

Finally, the district court did not commit error in denying Appellants the opportunity to amend their complaint and in taxing costs to Appellants.

---

[2] The parties dispute which standard of pleading applies to civil RICO claims in this case. Appellants argue that the pleading standard articulated in the Supreme Court's decision in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007), is applicable to civil RICO claims. *Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 (1957), and instead required that a complaint allege enough facts to state a claim that is plausible on its face. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Appellees contend that *Twombly* is not relevant to civil RICO actions. Because Appellants do not meet either the more liberal *Conley* standard or the *Twombly* plausibility standard, we do not need to decide in this instance whether *Twombly* applies in the RICO context.

Appellants had several opportunities to state their best case. *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (finding no abuse of discretion in district court's denial of opportunity to amend when plaintiffs had already filed their original complaint, their RICO case statement, and their response to defendants' Rule 12(b)(6) motion). The district court also did not abuse its considerable discretion in taxing costs to Appellants. FED. R. CIV. P. 54(d); *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990).

Appellees have moved under Rule 38 for sanctions and double costs and attorney's fees to be assessed against Appellants. The Court may assess sanctions and single or double costs and attorney's fees against a party if their appeal is deemed frivolous. Under Rule 38, "a frivolous appeal is an appeal in which 'the result is obvious or the arguments of error are wholly without merit.'" *Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir.1992). Though this is a close case given that Appellants clearly have not presented a cognizable civil RICO claim, we decline to assess sanctions and double costs and attorney's fees against Appellants.

For the foregoing reasons, we AFFIRM the judgment of the district court, and DENY the motion for sanctions and double costs and attorney's fees.